# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7476 | **DATE** | November 29, 2012 |
| **CASE TITLE** | Craig Armstrong (B69511) vs. Keith Anglin | | |

**DOCKET ENTRY TEXT**

The motion for leave to proceed *in forma pauperis* (Dkt. No. [6]), is granted. The five dollar filing fee is waived. Petitioner's motion for appointment of counsel (Dkt. No. [7]), is denied as moot. The habeas corpus petition (Dkt. No. [1]), is dismissed for want of subject matter jurisdiction because petitioner is not in custody of the challenged conviction. The Court also declines to issue a certificate of appealability. Civil Case Terminated.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

     Pro se petitioner Craig Armstrong, a Danville Correctional Center prisoner, has brought a habeas corpus petition pursuant to 28 U.S.C. § 2254. Pending before the Court are petitioner's motion for leave to proceed *in forma pauperis* (Dkt. No. 6), motion for appointment of counsel, (Dkt. No. 7), and review of the habeas corpus petition (Dkt. No. 1) under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

     The motion for leave to proceed *in forma pauperis* (Dkt. No. 6), is granted because petitioner is impoverished. The five dollar filing fee is waived.

     Before turning to the merits of the Rule 4 screening, the Court notes that petitioner has brought a number of 28 U.S.C. § 2254 petitions in other cases. However, the bar on second or successive habeas corpus petitions, 28 U.S.C. § 2244(b), does not apply to the present petition because he has not had a prior ruling on the merits regarding the challenged conviction at issue. *Magwood v. Patterson*, 130 S. Ct. 2788, 2796-97 (2010).

     Turning to the habeas corpus petition (Dkt. No. 7), Rule 4 requires this Court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. If the petition is not dismissed, then the Court orders respondent to answer or otherwise respond to the petition.

     Petitioner is challenging his conviction in *Illinois v. Armstrong*, No. 97 CF 322 (DeKalb County, Illinois). According to petitioner's Illinois Department of Corrections Internet Inmate Status sheet, in 1997, petitioner was convicted of unlawful restraint in DeKalb County, Illinois, and was sentenced to one year of imprisonment. Illinois Department of Corrections Internet Inmate Status for Craig Armstrong, B69511, *available at* http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited November 26, 2012). Petitioner was required to register as a sex offender because of this conviction.

| STATEMENT |
|---|

In 2012, petitioner was convicted of failing to complete his annual registration as a sex offender in DuPage County in Case No. 11 C 2356. Petitioner is presently serving this three year sentence.

Furthermore, despite the No. 97 C 322 case's age, there was never a habeas corpus challenge to the 1997 conviction. Petitioner appears to be raising the 1997 case now because of its use in the 2012 conviction for failing to register as a sex offender. Plaintiff claims that he never agreed to a sex offender registration requirement as a term of his plea agreement, and he was never informed of the requirement by the sentencing court. Although petitioner only lists the 1997 conviction in his present pro se habeas corpus petition (Dkt. No. 1 at 1), he also explains that the present 2012 conviction for failing to register is an "extension of the original conviction" from 1997. (*Id*. at 13).

Petitioner must be "in custody" at the time of the filing of the habeas corpus petition for the federal court to have subject matter jurisdiction over the habeas corpus petition. *Martin v. Deuth*, 298 F.3d 669, 671 (7th Cir. 2002) (citing 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490 (1989)). "Habeas corpus is only available if the petitioner is seeking to "'get out' of custody in a meaningful sense." *Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir. 1999). "The Supreme Court has interpreted the 'in custody' language as 'requiring that the habeas petitioner be 'in custody' under the conviction or sentence [or pending charge] under attack at the time his petition is filed.'" *Martin*, 298 F.3d at 671 (quoting *Maleng*, 490 U.S. at 490). The custody requirement is broadly construed to cover those in jail or prison, and those who have "significant restraints on their liberty," including placement on parole, personal recognizance, bail, and consecutive sentences. *Virsnieks v. Smith*, 521 F.3d 707, 717 (7th Cir. 2008). The obligation to register as a sex offender does not satisfy the custody requirement. *Id*. at 717-19.

The general rule is that the custody requirement is conviction-specific; the fact that a prisoner is in custody as to a subsequent conviction is irrelevant if the sentence has been discharged as to the first conviction that he wishes to challenge. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) (citing *Maleng*, 490 at 489-90). However, there is a narrow exception when the old conviction is used to enhance the sentence for the new conviction. *Lackawanna County Dist. Attorney*, 532 U.S. at 401. This exception allows a prisoner to challenge the first conviction when: (1) he is challenging the sentence imposed for the second conviction, and, (2) the second sentence was enhanced based upon the first conviction.

This exception, attacking the first conviction within the context of a challenge to a sentence for a second conviction, only addresses the custody / subject matter jurisdiction issue. *Id*. Even when the Court has subject matter jurisdiction to hear the challenge, the general rule is that a conviction can only be challenged in its respective proceeding and cannot be challenged in a new proceeding. *Id*. at 402-04. The sole exception to this rule is when the second proceeding is "effectively [] the first and only forum available for review of the prior conviction." *Id*. at 406. This "effective first and only forum" exception occurs only when the prisoner was denied the basic right to counsel, as guaranteed by *Gideon v. Wainright*, 372 U.S. 335 (1963) (or similar case), in the proceedings for the first conviction. *Lackawanna County Dist. Attorney*, 532 U.S. at 404.

The present petition fails to fall within the narrow class of permissible claims. He is not challenging the use of the first conviction from 1997 to enhance his conviction for 2012. Even if it was used to enhance the sentence, he could have raised these claims in a habeas corpus petition when first convicted over a decade ago, but failed to do so. He does not raise claims such as basic right to counsel or other similar claims showing that this was his first and only forum to raise the claim. The law prohibits petitioner from raising the claims in the present proceeding. The habeas corpus petition is dismissed.

| STATEMENT |
|---|
|     The Court also declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts because there is no substantial showing of a denial of a constitutional right in this case. *See Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893, & n.4 (1983)); *Davis v. Borgen*, 349 F.3d 1027, 1028 (7th Cir. 2003) (setting forth requirements for a certificate of appealability). |